MONICA T. CALDERON
and other similarly-situated individuals,

    Plaintiff(s),

v.

NS HOSPITALITY GROUP LLC,
and CARLOS RIVERA, individually

    Defendant,

_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MONICA T. CALDERON, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants NS HOSPITALITY GROUP LLC, and CARLOS RIVERA, individually, and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MONICA T. CALDERON is a Palm Beach County resident, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act. Plaintiff's complete name is Monica Tatiana Calderon a/k/a Tatiana Calderon.

3. Defendant NS HOSPITALITY GROUP LLC (hereinafter NS HOSPITALITY GROUP, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendant CARLOS RIVERA was and is now, owner/president and manager of NS HOSPITALITY GROUP. Defendant CARLOS RIVERA was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for the Plaintiffs' damages.

5. All the actions raised in this complaint took place in Palm Beach County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff MONICA T. CALDERON as a collective action to recover from the Defendants regular and overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2018, (the "material time") without being properly compensated.

7. Defendant NS HOSPITALITY GROUP is a Florida business that provides maintenance, cleaning and housekeeping services to the hospitality industry.

8. Defendant NS HOSPITALITY GROUP and CARLOS RIVERA employed Plaintiff MONICA T. CALDERON as a non-exempted, hourly, full-time housekeeper from approximately October 9, 2018 to March 3, 2020, or 73 weeks.

9. Plaintiff was assigned to work as a maid and cleaning employee at Addison Reserve Country Club, located at Addison Reserve Blvd, Delray Beach, FL 33446.

10. Plaintiff was paid $10.00 an hour, and her overtime rate should be $15.00 an hour.

11. During her time of employment with Defendants, Plaintiff and other similarly situated individuals maintained a regular schedule. Plaintiff worked 7 days per week, from 8:00 AM, to 4:00 PM, and sometimes to 6:00 PM. The Plaintiff completed a minimum of 56 working hours every week. Plaintiff was unable to take bonafide lunch periods.

12. Plaintiff worked a minimum of 56 hours every week. However, she was paid for 40 regular hours or a few more hours at her regular rate. But there is a substantial number of overtime hours that were never paid to Plaintiff at any rate, not even the minimum wage rate.

13. Defendants in bad faith required Plaintiff and other similarly situated individuals to sign-in timesheets writing down "from 8:00 AM to 2:00", at the beginning of her shift, which was a completely fictitious sign-out time because every day she was required to stay working late until 4:00 or 6:00 PM.

14. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. The Plaintiff was paid bi-weekly every time a different amount. Plaintiff was not in agreement with the amount received, but she had no access to verify the number of hours worked in a week period.

16. The Plaintiff was paid with checks without any paystub or record showing basic information such as number of days and hours worked, overtime hours, regular wage rate, employment taxes withheld, etc.

17. On or about March 3, 2020, Defendants fired Plaintiff alleging Coronavirus concerns. At the time of her termination, Defendants refused to pay Plaintiff for her last 2 weeks of employment.

18. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimated based on the real number of hours worked as per her best recollections. Plaintiff will base her calculations on 40 regular hours paid weekly. After discovery, Plaintiff will adjust her calculations.

19. Plaintiff MONICA T. CALDERON seeks to recover any regular wages and overtime wages at the rate of time and a half her regular rate, for every hour in excess of 40 that she worked, liquidated damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular hours or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME**</u>

21. Plaintiff MONICA T. CALDERON re-adopts every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This cause of action is brought by Plaintiff MONICA T. CALDERON as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October

2018, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant NS HOSPITALITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides maintenance and cleaning services to the hospitality industry, and through its business activity, affects interstate commerce. The defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as housekeepers, and through their daily activities, Plaintiffs not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business, but Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

25. Defendant NS HOSPITALITY GROUP and CARLOS RIVERA employed Plaintiff MONICA T. CALDERON as a non-exempted, hourly, full-time housekeeper from approximately October 9, 2018 to March 3, 2020, or 73 weeks.

26. Plaintiff was paid $10.00 an hour, and her overtime rate should be $15.00 an hour.

27. During her time of employment with Defendants, Plaintiff and other similarly situated individuals maintained a regular schedule. Plaintiff worked 7 days per week, from 8:00 AM, to 4:00 PM, and sometimes to 6:00 PM. The Plaintiff completed a minimum of 56 working hours every week. Plaintiff was unable to take bonafide lunch periods.

28. Plaintiff worked a minimum of 56 hours every week. However, she was not paid for overtime hours, at any rate. Defendants failed to pay Plaintiff a minimum of 16 overtime hours every week.

29. Defendants in bad faith, required Plaintiff and other similarly situated individuals to sign in timesheets writing down "from 8:00 AM to 2:00", at the beginning of her shift, which was a completely fictitious sign-out time because every day she was required to stay working late until 4:00 or 6:00 PM.

30. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. The Plaintiff was paid with checks without any paystub or record showing basic information such as number of days and hours worked, overtime hours, regular wage rate, employment taxes withheld, etc.

32. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

33. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. After proper discovery, Plaintiff will adjust her statement of claim properly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Seventeen Thousand Five Hundred Twenty Dollars and 00/100 ($17,520.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 73 weeks
    Relevant weeks of employment: 73 weeks
    Total hours worked: 56 hours weekly average
    Total overtime hours: 16 overtime hours
    Regular rate: $10.00 x 1.5= $15.00 O/T rate
    O/T rate: $15.00 an hour

    O/T rate $15.00 x 16 O/T hours=$240.00 weekly x 73 weeks=$17,520.00

    <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At the times mentioned, individual Defendant CARLOS RIVERA was the owner and manager of NS HOSPITALITY GROUP. Defendant CARLOS RIVERA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of NS HOSPITALITY GROUP in relation to its employees, including Plaintiff and others similarly situated. Defendant CARLOS RIVERA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

39. Defendant NS HOSPITALITY GROUP and CARLOS RIVERA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MONICA T. CALDERON and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MONICA T. CALDERON and other similarly situated individuals and against the Defendants NS HOSPITALITY GROUP and CARLOS RIVERA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MONICA T. CALDERON actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MONICA T. CALDERON demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE

41. Plaintiff MONICA T. CALDERON re-adopts every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

42. At all times pertinent to this Complaint, Defendant NS HOSPITALITY GROUP was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales

volume of the corporate Defendant was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those employees similarly situated worked in interstate commerce to fall within the protections of the Act.

43. This action is brought by Plaintiff MONICA T. CALDERON and those similarly-situated to recover from the Employer NS HOSPITALITY GROUP and CARLOS RIVERA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

44. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

45. Defendant NS HOSPITALITY GROUP and CARLOS RIVERA employed Plaintiff MONICA T. CALDERON as a non-exempted, hourly, full-time housekeeper from approximately October 9, 2018 to March 3, 2020, or 73 weeks.

46. Plaintiff was paid $10.00 an hour, and her overtime rate should be $15.00 an hour.

47. During her time of employment with Defendants, Plaintiff and other similarly situated individuals maintained a regular schedule. Plaintiff worked 7 days per week, a minimum average of 56 working hours weekly. Plaintiff was unable to take bonafide lunch periods.

48. On or about March 3, 2020, Defendants fired Plaintiff alleging Coronavirus concerns. At the time of her termination, Defendants refused to pay Plaintiff her last 2 weeks of employment.

49. Therefore, Defendant willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

50. The records, if any, concerning the number of hours worked by Plaintiff and all others similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

51. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

52. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

53. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

    *Plaintiff wage-rate was $10.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       Six Hundred Eighty-Four Dollars and 80/100 ($684.80)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 73 weeks
       Total relevant weeks of employment: 2 weeks
       Total hours worked: 40 hours weekly average

       Total number of unpaid hours: 40 regular hours
       Fl. Minimum wages: $8.56 an hour

       Min. Wage $8.56 x 40 hours=$342.40 weekly x 2 weeks=$684.80

   c. <u>Nature of wages:</u>

       This amount represents unpaid minimum wages.

54. Defendants NS HOSPITALITY GROUP and CARLOS RIVERA knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act.

55. At the times mentioned, individual Defendant CARLOS RIVERA was the owner and manager of NS HOSPITALITY GROUP. Defendant CARLOS RIVERA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of NS HOSPITALITY GROUP in relation to its employees, including Plaintiff and others similarly situated. Defendant CARLOS RIVERA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

56. Defendants NS HOSPITALITY GROUP and CARLOS RIVERA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the date of her termination, and Plaintiff is entitled to recover double damages.

57. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MONICA T. CALDERON and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff MONICA T. CALDERON and against the Defendants NS HOSPITALITY GROUP and CARLOS RIVERA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MONICA T. CALDERON and those similarly situated demand trial by a jury of all issues triable as of right by jury.

Dated: April 15, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*